# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### (Scranton)

| | | |
|---|---|---|
| JOHN GRALINSKI, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | CASE NO.: |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| REINHART FOODSERVICE, LLC | : | |
| AND | : | |
| PERFORMANCE FOOD GROUP, | : | |
| INC., | : | |
| | : | |
| Defendants | : | |
| | : | |

## COMPLAINT AND JURY DEMAND

## I.     PRELIMINARY STATEMENT

1.     This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff John Gralinski ("Plaintiff Gralinski"), a former employee of Defendants Reinhart Foodservice, LLC and Performance Food Group, Inc. (collectively referred to as "Defendants"), who has been harmed by the Defendants' discriminatory and retaliatory employment practices.

2.     This action arises under the Americans with Disabilities Act, as amended, 42 U.S.C. §12010 et seq. ("ADA"), the Family and Medical Leave Act,

29 U.S.C. §2601 et seq. ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA")[1].

## II.   JURISDICTION AND VENUE

3.   The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Gralinski's claims are substantively based on the ADA and FMLA, and the acts or omissions giving rise to this claim occurred in this judicial district.

4.   The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Gralinski's claims arising under the PHRA.

5.   All conditions precedent to the institution of this lawsuit have been fulfilled.  On May 8, 2026, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue to Plaintiff Gralinski, and this action has been filed within ninety (90) days of receipt of said notice.

6.   Plaintiff Gralinski has satisfied all other jurisdictional prerequisites to the maintenance of this action.

---

[1] Plaintiff Gralinski's claims under the PHRA are referenced herein for notice purposes.  Plaintiff Gralinski must wait 1 full year from the date of dual-filing with the EEOC before initiating a lawsuit under the PHRA. Plaintiff Gralinski must, however, file his lawsuit under the ADA in advance of same because of the date of issuance of his federal Notice of Right to Sue.  Plaintiff Gralinski's PHRA claims will mirror identically his federal claims under the ADA.

### III.    **PARTIES**

7.    Plaintiff John Gralinski ("Plaintiff Gralinski") is a fifty-three (53) year old citizen of the Commonwealth of Pennsylvania, residing therein at 402 Worth Church Road, Jermyn, Pennsylvania 18433.

8.    Defendant Reinhart Foodservice, LLC is a corporation duly organized and existing under the laws of the State of Delaware, maintaining a principal place of business located at 12500 West Creek Parkway, Richmond, Virginia 23238.

9.    Defendant Performance Food Group, Inc. is a corporation duly organized and existing under the laws of the State of Colorado, maintaining a principal place of business located at 12500 West Creek Parkway, Richmond, Virginia 23238.

10.    Because of their interrelation of operations, common management, centralized control of labor relations, common ownership or financial control, overlapping officers and executives, shared business address, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, and management that they may be treated as a single employer and/or joint employers for purposes of the instant action.

11.    Defendants are a food and foodservice distribution company, with more than 150 locations in the United States and Canada.  The Defendants market and deliver food and related products to more than 300,000 locations.

12.    At all times relevant hereto, the Defendants acted through their agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendants.

13.    At all times material herein, the Defendants have been a "person" and "employer" as defined under the ADA, FMLA, and PHRA, and have been, and are, subject to the provisions of each said Act.

14.    At all times material herein, Plaintiff Gralinski has been an "employee" as defined under the ADA, FMLA, and PHRA, and has been, and is, subject to the provisions of each said Act.

## IV.    <u>STATEMENT OF FACTS</u>

15.    Plaintiff Gralinski was employed by the Defendants from in or about October of 2006 until on or about September 16, 2025, the date of his unlawful termination.

16.    By way of background, upon commencing employment with the Defendants, Plaintiff Gralinski served as an Area Manager in Defendants' Washington district.  Plaintiff Gralinski held that position until in or about 2014, at

which time Defendants promoted him to the role of District Sales Manager in Defendants' Washington district.

17.    In or about August of 2024, Plaintiff Gralinski relocated from the west coast to Jermyn, Pennsylvania and transferred to Defendants' Eastern Pennsylvania district in the role of District Sales Manager for the Hazleton-State College territory.  Defendants assigned Plaintiff Gralinski to work out of the Defendants' facility located in Coal Township, Pennsylvania.

18.    In that capacity, Matthew DiPiero ("DiPiero"), Vice President of Sales, and Ralph Freije ("Freije"), President - Eastern Pennsylvania, served as Plaintiff Gralinski's supervisors.

19.    In his role as a District Sales Manager, Plaintiff Gralinski's duties included overseeing and coaching a team of between seven (7) and ten (10) Area Managers to grow sales in his territory through penetration of existing customers and growth of new customers.

20.    Plaintiff Gralinski at all times performed his job responsibilities in a dutiful and highly competent manner.

21.    As evidence thereof, during his tenure of employment with Defendants, Plaintiff Gralinski received countless accolades and awards for his consistently stellar performance, including multiple Circle of Excellence Awards,

Roll-Off Awards, and Escapade Awards, each such award accompanied by a fully paid, all-inclusive vacation.

22.    As further recognition for his dedication and outstanding work, the Defendants awarded Plaintiff Gralinski with merit-based bonuses and steady salary increases.

23.    In fact, at no time prior to Plaintiff Gralinski's disclosure of his disabilities and request for accommodations (discussed hereinafter) did the Defendants ever criticize his work performance or workplace conduct in any way.

24.    In early 2025, Plaintiff Gralinski was diagnosed with an Anxiety Disorder, Insomnia, Depression, and a Panic Disorder.  Said medical conditions are disabilities as defined by the ADA and PHRA in that they substantially impair one or more of Plaintiff Gralinski's major life activities including, but not limited to, interacting with others, concentrating, sleeping, and eating.

25.    Due to extreme and sudden exacerbation of his disabilities, on or about February 24, 2025, Plaintiff Gralinski commenced a brief medical leave of absence under the FMLA.  Said leave constituted a reasonable accommodation for his disabilities under the ADA and PHRA.

26.    After learning of Plaintiff Gralinski's need for accommodations for his disabilities, the Defendants perceived him has being disabled under the ADA and PHRA and began to subject him to discriminatory treatment due to his actual

and/or perceived disabilities and/or record of impairment and to retaliation for needing accommodations and for exercising his rights under the FMLA.

27. On April 8, 2025, Plaintiff Gralinski's physician cleared him to return to work with no restrictions.

28. During Plaintiff Gralinski's first week back at work, he went to lunch with DiPiero. During the lunch, DiPiero barraged Plaintiff Gralinski with discriminatory remarks about Plaintiff Gralinski's need for accommodations for his disabilities, including his sudden need for FMLA leave.

29. By way of elaboration, during lunch, DiPiero criticized Plaintiff Gralinski for failing to provide advanced notice of his need for medical leave, characterizing his departure as abrupt. Plaintiff Gralinski explained that the sudden onset of his disabling symptoms precluded him from scheduling his medical leave for a date in the future or to provide advanced notice.

30. DiPiero additionally complained to Plaintiff Gralinski that his sudden departure for medical leave created "coverage problems" and that DiPiero had to himself cover Plaintiff Gralinski's territory in his absence.

31. That same day, DiPiero advised Plaintiff Gralinski that he had commenced a search to hire another District Sales Manager to work in Plaintiff Gralinski's territory, purportedly to "assist" Plaintiff Gralinski and lessen his need to travel so extensively. Significantly, however, at no time did Plaintiff Gralinski

ever complain or express displeasure about needing to travel to/from his home to his territory or within his territory.

32.    In actuality, during Plaintiff Gralinski's medical leave, DiPiero began to court Brian Kononchuk ("Kononchuk"), one of Plaintiff Gralinski's non-disabled, subordinate Area Managers, to accept a promotion to a District Sales Manager role with the intent to replace, not assist, Plaintiff Gralinski due to his disabilities and need for accommodations/FMLA.

33.    Significantly, during Plaintiff Gralinski's medical leave, both DiPiero and Freije told the said Kononchuk that they were frustrated and annoyed about the sudden and unexpected nature of Plaintiff Gralinski's medical leave, characterizing his departure for leave as "abrupt."  They also told Kononchuk that they felt Plaintiff Gralinski left them in a lurch.

34.    As further discrimination and retaliation, on or about June 10, 2025, DiPiero issued Plaintiff Gralinski a ninety (90) day performance goals plan ("PGP"), without any legitimate justification, demanding that his performance, and that of his territory, immediately improve, or his employment would be terminated.

35.    Importantly, Plaintiff Gralinski's territory was long recognized by Defendants as a declining, failing, and underperforming territory, including well before Defendants transferred Plaintiff Gralinski into the territory.  The Hazleton-State College territory was notorious amongst Defendants' staff for having

extremely high turnover of Area Managers, which has historically adversely impacted the territory performance.  In fact, prior to Plaintiff Gralinski's placement in the District Sales Manager Role for the Hazleton-State College territory, the territory did not have a District Sales Manager for approximately five (5) months, which left the Area Managers largely without guidance, supervision, and training. This gap in leadership adversely impacted the overall performance of the territory, long before Plaintiff Gralinski's arrival.

36.    Accordingly, Plaintiff Gralinski believes and avers that the Defendants targeted him for alleged poor performance due to his disabilities and in retaliation for requiring reasonable accommodations/FMLA therefor, with the intent to force him out of his role and replace him with a non-disabled individual who required no accommodations.

37.    In furtherance of Defendants' scheme to force Plaintiff Gralinski out of his job due to his disabilities and need for accommodations/FMLA leave, on or about July 1, 2025, DiPiero issued an announcement regarding Kononchuk's promotion to District Sales Manager.

38.    Thereafter, during the thirty (30) day PGP check-in meeting, DiPiero and Karen Shaffer ("Shaffer"), Vice President of Human Resources, acknowledged positive progress made by Plaintiff Gralinski in his territory, however DiPiero demanded that the PGP remain in place.

9

39.    On September 16, 2025, Defendants terminated Plaintiff Gralinski's employment, alleging that the performance of his territory had failed to markedly improve under his leadership.

40.    Plaintiff Gralinski asserts that the Defendants' articulated reason for his termination is false and pretextual and that Defendants actually terminated his employment due to his actual and/or perceived disabilities and/or record of impairment, and/or in retaliation for requesting reasonable accommodations for his disability, and/or in retaliation for exercising his rights under the FMLA.

41.    As evidence thereof, in stark contrast to the manner in which Defendants treated Plaintiff Gralinski, Defendants did not similarly discipline or terminate other non-disabled District Sales Managers for similar territory performance.

## COUNT I
### (ADA – Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Retaliation)
### Plaintiff Gralinski v. all Defendants

42.    Plaintiff Gralinski incorporates by reference paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.    The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff Gralinski to discrimination on the basis of his actual and/or perceived disabilities and/or record of impairment, and in retaliating against him for requesting reasonable accommodations for his disabilities,

10

ultimately resulting in the termination of his employment, constituted a violation of the ADA.

44.    As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff Gralinski sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

45.    As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff Gralinski suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(FMLA – Retaliation)**
**Plaintiff Gralinski v. all Defendants**

46.    Plaintiff Gralinski incorporates by reference paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.    Plaintiff Gralinski was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. §2611(a)(i)(ii).

48.     Plaintiff Gralinski requested leave from Defendants with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C. §2611(2)(i).

49.     Plaintiff Gralinski had at least 1,250 hours of service with Defendants during his last full year of employment.

50.     Defendants are engaged in an industry affecting commerce and employed at least fifty (50) or more employees within seventy-five (75) miles of the location where Plaintiff Gralinski worked for Defendants for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. §2611(4)(A)(i).

51.     Plaintiff Gralinski was entitled to receive leave pursuant to 29 U.S.C. §2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

52.     Plaintiff Gralinski requested FMLA-qualifying leave during the last full year of his employment with Defendants.

53.     Defendants committed retaliation violations of the FMLA by terminating Plaintiff Gralinski's employment for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave and/or for considering Plaintiff Gralinski's FMLA leave needs in making the decision to terminate his employment.

54. As a direct result of the aforesaid unlawful employment practices engaged in by the Defendants in violation of the FMLA, Plaintiff Gralinski sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## **PRAYER FOR RELIEF**

55. Plaintiff Gralinski incorporates by reference paragraphs 1 through 54 of this Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Gralinski requests that this Court enter judgment in his favor and against the Defendants, and Order that:

a. Defendants compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendants' unlawful actions, as aforesaid, including, but not limited to, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority;

b. Defendants pay to Plaintiff punitive damages and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or the trier of fact to be appropriate to punish Defendants for their willful, deliberate,

malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

c.     Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d.     Defendants pay to Plaintiff pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law; and

e.     The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Gralinski demands trial by jury.

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ TRACI M. GREENBERG*
_____
Traci M. Greenberg, Esq.
PA ID 86396
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801 Phone
(215) 639-4970 Fax

Dated: July 29, 2026

14

## VERIFICATION

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

Dated: 7/29/2026

*John Gralinksi*
_____
John Gralinski